Justice Thomas,
concurring in the judgment.
In Harris v. United States, 536 U. S. 545 (2002), this Court held that “ ‘[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum,’ whether the statute calls it an element or a sentencing factor, ‘must be submitted to a jury, and proved beyond a reasonable doubt,’ ” id., at 550 (quoting Ap-prendi v. New Jersey, 530 U. S. 466, 490 (2000)). I continue to believe that this constitutional requirement applies to sentencing facts that, like the machinegun enhancement at issue here, 18 U.S.C. § 924(c)(l)(B)(ii), “alte[r] the [defendant’s] statutorily mandated sentencing range, by increasing the mandatory minimum sentence,” regardless of whether they alter the statutory maximum penalty, Harris, 536 U. S., at 577 (Thomas, J., dissenting); see id., at 577-578 (“As a matter of common sense, an increased mandatory minimum heightens the loss of liberty and represents the increased stigma society attaches to the offense. Consequently, facts that trigger an increased mandatory minimum sentence warrant constitutional safeguards”).
*241 In my view, it makes no difference whether the sentencing fact “vaults a defendant’s mandatory minimum sentence” by many years, ante, at 229, or only “ ‘incremental[ly] changes’ ” it by a few, ibid, (quoting Harris, supra, at 554). Nor does it make a difference whether the sentencing fact “involved] characteristics of the offender” or “[characteristics of the offense,” ante, at 227, or which direction the other factors in the Court’s five-factor test may tilt. One question decides the matter: If a sentencing fact either “raises the floor or raises the ceiling” of the range of punishments to which a defendant is exposed, it is, “ ‘by definition [an] “elemen[t].” ’ ” Harris, supra, at 579 (Thomas, J., dissenting) (quoting Ap-prendi, supra, at 483, n. 10).
Without a finding that a defendant used a maehinegun, the penalty range for a conviction under § 924(c)(l)(A)(i) is five years to life imprisonment. But once that finding is added, the penalty range becomes harsher — 30 years to life imprisonment, §924(e)(l)(B)(ii) — thus “exposing] a defendant to greater punishment than what is otherwise legally prescribed,” Harris, 536 U. S., at 579 (Thomas, J., dissenting). As a consequence, “it is ultimately beside the point whether as a matter of statutory interpretation [the maehinegun enhancement] is a sentencing factor.” Id., at 576. “[A]s a constitutional matter,” because it establishes a harsher range of punishments, it must be treated as an element of a separate, aggravated offense that is submitted to a jury and proved beyond a reasonable doubt. Ibid.
Because the Court reaches this same conclusion based on its analysis of a five-factor test, see ante, at 225-235,1 concur in the judgment.